Proceed with petitioner I guess. Thank you your honor and good afternoon and may it please the court. Peter Afrasiabi from the University of California Irvine School of Law's Appellate Litigation Clinic on behalf of Mr. Chanthakong. I will attempt to hold two minutes for rebuttal and I appreciate your comments. Thank you. Your honors, this court should reverse on two bases. The first being the due diligence issue with respect to extraordinary circumstances and the second being the underlying legal backdrop and constitutional error that infected the sua sponte analysis. And so I'll start with the first one. And here the narrowest basis for this court to reverse is to hold and find that the BIA ignored the relevant facts in the record and didn't fully address the factual record and arguments that were put to it in terms of explaining the delay from 2017 to 2020. And the facts are very very very important because they explain why there was a delay and number one the fact that was not considered within the calculus of the BIA was that the lawyers that Mr. Kong was finally able to find, these pro bono lawyers who came to visit the Cambodian diaspora in Cambodia after his removal, sat down talked to him and said yes you may have a case but we are confronted by actual restrictions on our funding that deny us the ability to even file a motion for you. Do you have any authority, as I understand your argument, he would have been noticed in 2017 at the at the at the latest he would have known that there's a viable issue that he needs to front appeal but but is there any case that you can cite as authority that indicates that a lack of financial resources can be a basis for a due diligence problem? Your Honor I'm not aware of a case that holds that that fact alone is a basis. Our argument is though that it's not just that he lacked the money he tried to find lawyers and couldn't afford them and that is a fact that should go into the calculus but the lawyers he spoke to themselves were precluded from representing him because of their funding and those lawyers tried to find pro bono lawyers for him and couldn't and so what we're saying is if American lawyers with access as we all have through the bar to legal channels to try to find counsel to help people when they call if they couldn't find counsel how how fairly could we expect a man in Cambodia who does it was not a lawyer to have found a lawyer and that fact had to be considered by the BIA and its calculus and those facts were not considered because what Mr. Fittings May I interrupt just a second Mr. Afrasiabi. Mr. Kong testified that prior to going to the Asian Law Caucus he had talked to other attorneys and they told him one of two things either you have no hope or we can't take the case without a retainer up front of several thousand dollars was there any evidence that when he was told by the Asian Law Caucus that he had hope he had a case but they couldn't do it because of financial restrictions in 2017 that he went back to any of the attorneys who had told him they couldn't handle the case because he had no hope your honor that question is not answered by the record but implicitly I think the paragraph 25 on page 124 that you're referring to I think implicitly the answer is no because I don't think that that paragraph 25 of his declaration it doesn't say that the facts in that paragraph ended before 2017 when he to the to the law group that came structurally one may think that's the case because of kind of the pair that the paragraphs go chronologically but I do think implicitly or expressly doesn't say it so I think implicitly his point is he could never find a lawyer anytime in Cambodia whether before 2017 or after he could never find a lawyer to take the case and of course directly those lawyers who originally told him no we don't have anything in the record on that but I would argue that this case is the court should look to sort of two bookend cases you have Mejia Hernandez and Bonilla which are both kind of interesting cases on this narrow spectrum of a person who has a lawyer and waits to file a case and Mejia Hernandez it was a multi multi-year delay and that was okay because he relied on who he thought was his lawyer next question is there any reason why he didn't file pro se in 2017 the record doesn't answer it but I will say unequivocally as is the case with with many people in this situation you only get one motion if you file pro se when you when you're talking to a lawyer and you just go pro se and file you make a mistake you're done because of the one-and-done rule and so it's immensely dangerous to ever take that risk for any petitioner and so here he knew okay I have lawyers who say they can do something I have one shot to try to come to America I think if the only inference from the record is that he waited desperately which is why he kept checking in with him to see are you able to do you have funding restrictions lifted and whatnot and that's why your honor next question isn't isn't your argument doesn't assume that there is a constitutional right to a lawyer or statutory right to a lawyer that tolls the running of statute of limitations of 90 days no I don't think I'm assuming that one has either a statutory or constitutional right to counsel that the tolling I think exists by virtue of the fact that once you have a lawyer lawyers themselves can be can be inundated with matters that can justify a delay and so his ability to rely on the lawyer and what the lawyer was lawyers were doing in nurse to his benefit he has the right to have that delay and that's why sort of Mejia Hernandez is on one end and Bonilla is on the other and I think if you see look at Bonilla you see someone who randomly spoke to a lawyer who said I don't know file in a few years he waited several years filed in the court said look that's not good enough and that's why we're saying we are like Mejia Hernandez and I would say it's particularly important to the overlay to all of this your honors is really what the Fifth Circuit said in Lugar Resendez which is remember we're dealing with it with a green card holder an LPR who who would otherwise not be removable the NTA only charged him with removability because of the California Council I have some questions if I yes Jack please first of all I have a question of law who has the burden of here does does does the government have the burden to show that he was not diligent or rather does your client have the burden to show that he was diligent I believe the burden is on the moving party to come forward the prima facie case of diligence but I do think that once you've made out that case the shift to the government to actually marshal some sort of factual record to say hold on that isn't it either you lack credibility there are other facts that we found in our investigation and if they choose not to do that I think if one has to start discharge their initial burden to explain the delay then especially here where there was no adverse credibility finding made these facts have to be taken as credible and true and I think the inferences have to be seen in the light most favorable one that the as I read it the the BIA said that after he knew the basis for his claim three years passed by and he did not take any action is that what the record shows or did did he take any action to a record yes the record does show that he did take action because he did more than just checking in with the lawyers to establish diligence the lawyers themselves tried to find pro bono lawyers or nonprofits to help him and they couldn't and those facts are really important if one is going to be looking at this fact-intensive case specific inquiry which this courts case law holds to really get to the bottom of who did what when and so when the BIA said all he did was check in once a month as if it was just a cursory phone call that's not accurate on the record and that's why we submit the case has to be reversed at a minimum on that so I have one final question what does the record show with regard to why it is the police found the gun on him now I know he said that he was with other guys and someone went into a store and asked him to hold to hold a gun for them well while he was in the store but how is it the police at that point apprehend him for being a felon in possession of a paragraph 13 of his declaration on page 122 he talks about sort of basically the underlying facts of what happened which is it was rated he had it for safekeeping and so he said he admitted to the officers that he had it but he didn't tell them it wasn't his and so that's sort of all we really have in the in this record unfortunately he did not tell the officers the gun wasn't his yes what he said in his declaration is that he didn't explain that it wasn't his he didn't want to get his brother in trouble and so as a result he got charged and so he then pled guilty oh yes okay thank you well your time is basically up yes the clock is showing time beyond your a lot of minutes but for your planning purposes I'm gonna give you two minutes for rebuttal thank you very much your honor okay you're welcome and now we'll hear from the government as a Pele please the court my name is Neelam Issa Nula and I represent the US Attorney General in this matter the court should deny the petition for review in part with regards to petitioners equitable tolling claim and it should dismiss in part the petition for review with regards to petitioners claim for sui sponte reopening relief with regards to equitable tolling the agency properly found that petitioner did not demonstrate the requisite due diligence in filing his motion to reopen more than two and a half years after he became aware of the basis what about what about counsel for his argument that he did he was diligent and trying to find an attorney ultimately found an attorney found a group of attorneys who were able to take his case in fact why couldn't it be said that he relied on that similar to the Mejia Hernandez case he relied on the advice of those attorneys in believing that they were going to help him out with regards to that petition to reopen so I would distinguish making a Hernandez because there the notario was pretending to be counts was pretending to be an attorney and he had actually achieved some success in representing petitioners wife and so petitioner had every reason to believe that he was being successfully represented by this notario and so I think that played a great part into why the court found that petitioner had been diligent there in this case though if we look at mr. Prasad a new Prasad's declaration he talks about the fact that when he informed mr. Kong about the fact that he did now have a basis for reopening under Aguilera Rios and mr. Kong informed him that he did not have enough money to hire an attorney mr. Prasad at the same time told mr. Kong that a Asian Law Caucuses funding was restricted and would not allow them to file a motion to reopen at that time and so it was clear clearly said it clearly delivered to mr. Kong that he did not have the benefit of Asian Law Caucus and their assistance when it came to actually filing the motion to reopen although hey they had assisted him with regards to this Freedom of Information Act and obtaining his criminal records and mr. Kong must have been alerted as well by the fact that the Asian Law Caucus attorney was doing a great service to him by trying to find counsel on his behalf I'm counsel I'm reading that I'm reading that declaration and does it say that that that he they informed him that he did not have that they were not going to go forward with with it or does it just say that they didn't have the funds for it it says at the same time restricted funding prevented us from filing mr. Kong's motion to reopen at that time and you know later on he said I simply did not have the resources available to dedicate right you said something different I just wanted to make sure that the record was that I understood the record correctly so are you just distinguishing between I think what they were doing there is any attorney worth their salt would would be alerting him to the fact that they could not file this motion to reopen and he would need to find somebody else but is that my question to you then is that because you you said affirmatively that that he knew that and and you pointed to that declaration and I had read that declaration carefully on that point and I I didn't see that but but is there somewhere else in the record that establishes that there isn't but that is you know that is I think sort of a theme with mr. Kong's evidence he's not very precise when it comes to explaining what what he learned and when he learned it from the Asian Law Caucus attorneys I mean even if we look at his declaration he never provides the occasion where he was told by the attorneys that they couldn't represent him we don't know the date so this is sort of consistent with the nature of evidence but it does seem if mr. Prasad missed I'm sorry Prasad Prasad was looking for attorneys to help mr. Kong with his motion to reopen then mr. Kong also should have been doing some work on his own just as he had done earlier in his case before the Asian Law Caucus got involved well I mean and what do we do with the declaration from the attorney indicating that simply mr. Kong did everything humanly possible to work to reopen his case in an incredibly difficult circumstance I think the Asian Law Caucus is being quite generous there they knew that he had done a lot in the early part of his case but for some reason it does seem that mr. Kong dropped the ball and I don't know why but it is significant because if we look at the case law like Raspberry versus Garcia which is cited in the agency decision the board's decision being pro of the law it's not an extraordinary circumstance that justifies or warrants equitable tolling and that seems to be maybe the problem here in this case mr. Kong was not aware of the significance of the 90-day deadline for motions to reopen maybe he didn't understand that there was a need to be expeditious in filing his motion but that's not an excuse and it certainly doesn't rise to the level of being an extraordinary circumstance that warrants equitable tolling counsel judge Gould with a couple of questions for you on legal points first of all regarding the question that I asked your friend on the other side of the case is the burden on the government to show that that he was not diligent or is the burden on on Kong to show he was diligent as part of his claim my understanding is because it's a it seems that the burden is on the petitioner the movement movement to establish due diligence and extraordinary circumstances the two prongs of the equitable tolling analysis I wish I had some case law at the ready for citing to you but that is my understanding from my of the case law that this is an equitable form of relief they need to prove up their equities if they want to told the deadline okay then my second question is am I correct that the doctrine of equitable tolling is a discretionary doctrine so that even if the facts show that something stood in his way and that he was diligent a court would not necessarily have to grant equitable tolling it would be a discretionary decision to be honest I don't know the answer that question I haven't seen a case where the court said something like that it seems that if those two showings are made that has been the focus of the the case law whether you know one or the other or both or have been made I unfortunately I don't know the answer to that question that seems very relevant to the sue the sponte decision part of this case but you know I think here it's important to note the board found that mr. Kong had not demonstrated due diligence in his opening brief petitioner has very much out this second extraordinary circumstances argument based on not just our lawyer Rios but on the idea that Asian Law Caucus and his own lack of resources that you know the overwhelming caseload of the Asian Law Caucus and his lack of resources combined together was another extraordinary circumstance that couldn't you know prevent it timely filing and in this case the you know the the board accurately inciting raspberry versus Garcia found this was not an extraordinary circumstance and especially when we consider the fact that you know this is extraordinary is meant to be unusual or rare and unfortunately you know the situation the predicament he is in is not that uncommon I do want to point out about Hernandez if we look at that case yes there was a seven-year delay because he was relying on the the representation by the notario but then when he learned about the fact that this notario had been ineffective when he hired new counsel he filed his motion to reopen within two months I mean if we look at Lugo Resendez he also despite being removed also filed his motion to reopen within two months after learning about the change in law that was you know provided information about his claim a vital information bearing on this claim and so even an individual like Lugo Resendez who has been removed and you know has you know a lack of resources he was able to comply to the best of his abilities with the 90-day deadline once he became aware of you know the basis of his reopening claim and so I think you know these cases are actually helpful for the defending the agency in terms of the diligence and extraordinary circumstances analysis I also want to address petitioners claim for sua sponte reopening here I would argue that the court lacks jurisdiction to review the board's decision to deny sua sponte reopening because it is a purely discretionary determination in this case it doesn't meet that exception that is set out in Bonilla and Lona for cases where the agency denied sua sponte reopening not as a matter of discretion but because it wrongly believed the law forbade it from exercising discretion or that exercising discretion would be futile the here the diligence lack of diligence and finality were relevant considerations that the board could take into account as a matter of discretion and it appropriately did so and Wilkinson as we explained in our supplementary brief does not alter this jurisdictional analysis am I over my time I can't I I'm afraid yes I can't tell I'm sorry 26 seconds should I wrap should I wrap up my thought just try to wrap them up within the next two minutes because we're doing it thank you so what Wilkinson addresses eight USC 1252 a 2d and that is not a provision relevant to sua sponte reopening 1252 a 2d is a jurisdiction restoring provision in the INA that allows for the review of legal and constitutional questions where the petition for review is otherwise unable to be reviewed under other parts of the INA so it's this internal jurisdiction restoring provision the sua sponte relief is not in the INA it's in the creature of the regulations and the reason why there is not review over sua sponte relief it's not because of a provision the INA it's because of the Administrative Procedures Act specifically 5 USC 701 a 2 that's the that's the provision for agency action committed to agency discretion by law and that provision is what is what bars review Wilkinson does not speak to the APA and that's the way sua sponte reopening is not affected by Wilkinson also the fundamental law question issue is not which is what petitioner is saying is now reviewable after Wilkinson that is not an issue even in this case it was not decided against petitioner and so Wilkinson has very limited relevance here I think my time is up now and so thank you very much thank you counsel okay I'm telling thank you your honors a few brief points number one my friend was arguing that clearly the lawyers told mr. Kong X Y & Z this is important for two reasons number one there are no facts in the record supporting what my friend argued about what the lawyers allegedly told mr. Kong and number two perhaps more salient the BIA never held that and so this court doesn't even have a basis in its jurisdiction to go out and make factual findings that don't exist in the record to somehow affirm a judgment number two I'd like to talk and the error is that and this is important Bonilla itself recognizes that there's daylight between a due diligence analysis and the sua sponte analysis and if you look at the code structure itself it also supports that that there is a distinction between the two because of what can be assessed and we outlined that in our brief and I won't repeat it but the point then being you can't just bring in the back door and say I found you lack diligence and so therefore I'm denying review on something that is reviewable and say and I also am denying sua sponte for the same reason there has to be daylight and the second point is the only other thing the BIA said is it encanted the word finality and this is important because the government never argued legally or factually finality it mentioned the a voodoo case from the Supreme Court in its brief to the in the agency but it didn't even argue finality from that case in its argument and it never even used the word finality and the question we then raises how can the CIA just in can't finality is a doctrine when it's a bit reliance based doctrine for the parties to assert when the government never asserted it and at 30,000 feet what is the reliance interest in in maintaining perspective enforcement of what we now know is an infirm judgment and that's a wrong use of finality and so that's the legal backdrop error I would ultimately end on repeating to this court this idea that the Fifth Circuit's Lugo case is very important because we have to look at these cases when we're talking about LPRs green card holders in a different light and be very very careful to make sure that the BIA operates well within the bounds when it makes these decisions and so we would assert that Lugo really should be the benchmark for this court to assess all of these questions in terms of how it assesses what happened below without making undue inferences the other way and on that your honors we thank you and we submit if judge gold would allow me one question yes of counsel I guess you indicate that that there's nothing in the record indicating that that the lawyers informed the petitioner you know that they just needed to wait but is there anything in the record saying the opposite that is that he was misinformed in some way no there's nothing in the record either way in terms of him being misinformed or you know but then what do we do if we assume that he has a burden well he's met his burden I mean it's a rebuttable presumption that tolling applies he has met his burden by showing the facts of I have had always in paragraph 25 looked for lawyers couldn't find them I found lawyers who said I can help you they operated as his lawyers they gave him legal advice that comes from the declaration they did a FOIA request and they told him until we essentially get legal funding restriction lifted we can't help you and so he now has lawyers and your case law has said we cited you the case is that people have the right to rely on a lawyer and shouldn't be assuming that the lawyers doing something wrong he shouldn't have to so we don't look at this and say oh well he's got to charge them with an effective assistance in order to now make out a new claim we look at this and say the lawyers did all they could they couldn't find lawyers themselves when they tried which is a really important fact I mean in other words humanly what more could mr. Kong have done when American lawyers couldn't find a lawyer right I mean that is such a powerful and important fact to understand if the framework is supposed to be for someone who otherwise has a green card right and this we're talking about banishment from their American life if the inquiry is supposed to be did they exercise due diligence we should be looking at someone and saying kudos to you you got a lawyer you the lawyers did what they could do to try to help you they couldn't help you instantly but they did what they could when they could and thank God they did right I mean all right that's all I'm afraid you're yes more than two minutes over your extended extra two minutes and those are a judge bear no questions no no question no further questions being heard and yeah I guess I have one question which I might ask you earlier and that is am I correct that the equitable tolling standard is a discretionary standard I I think it's reviewed for an abuse of discretion but I think in all the case law that I've looked at if if someone makes out a case of due diligence they're entitled to equitable tolling as a matter of law I didn't say oh you kind of got the facts wrong go back and look at it again BIA it just outright reverse because he was entitled to it as a matter of law and so I think if due diligence is shown you can call the ball and you know it's not a question of one being able to say well that really was due diligent but nonetheless we're not going to give you the relief you have to give the relief if they're if they've shown diligence do you have any piece now what's your closest case that would say that equitable tolling can extend a 30-day deadline up to close to three years I would say the best case is Mejia Hernandez because it was about a seven-year delay I believe in that case I think the en banc decision of SOCOP is important because it talks about it wasn't a multi-year delay but it does talk about the equitable principle sitting beneath equitable tolling in terms of why the delay is but I point you to Mejia and I'd also point you to both in some sense Lugo Rosendez and and Gulart and Bonilla from this court where and Lona even from this court where the court had a multi-year delay and it did deny but it said loan is really important it said even though you waited three years the reason we're denying is you've never offered a single fact and the panel in that published opinion even said you never even offered us the Ninth Circuit of fact I mean you nothing right so council we're now more than four minutes over the extended two minutes so I think we're gonna have to bring the argument to a close unless a colleague of mine has on the panel wants to ask her think further if not this case shall stand submitted I want to thank both counsel for petitioner and for respondent for their strong arguments which are very very helpful to the panel this case will now be submitted and and the parties will hear from us in due course thank you
judges: GOULD, BEA, MENDOZA